Judith Gail Dein, United States Magistrate Judge *327 Scope of Motion
This matter is before the Court on the Urgent Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Syncora Guarantee, Inc., and Identified Members of the Ad Hoc Group of PREPA Bondholders (collectively "Movants") to Intervene Under Federal Rule of Bankruptcy Procedure 7024 (Dkt. No. 26) (the "Motion to Intervene"). Movants originally moved to intervene on an expedited basis so that they could fully participate in this adversary proceeding. They sought to submit evidence, file briefs, participate in hearings, examine witnesses, and propound discovery.
The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA"), responded to the Motion. Dkt. No. 29. Therein, the Oversight Board took the position that while Movants have the right to be heard pursuant to Bankruptcy Code Section 1109(b), their participation should be limited to those rights this Court has previously granted intervening parties in interest under Section 1109(b). The Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") filed a joinder in support of the Oversight Board's argument. Dkt. No. 31.
In their Reply, the Movants limited their request so that they are only seeking leave to intervene in the pending motion of the Puerto Rico Energy Commission ("PREC" or the "Commission") for a preliminary injunction, reserving their right to seek enlargement of their participation at a later date. Dkt. No. 33 at 2-3. Specifically, the Movants seek permission to "(a) submit with their brief evidence in support of the motion; (b) examine witnesses at the hearing; and (c) appear and be heard at the hearing." Id. Given the expedited nature of this request, this Court will limit its ruling to the Movants' involvement in connection with the preliminary injunction motion. Movants have made their positions sufficiently clear that no Rule 24(c) pleading is necessary. See United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 834 (8th Cir. 2009) ("we conclude that the statement of interest satisfies Rule 24(c) because it provides sufficient notice to the court and the parties of MIEC's interests."). Nothing herein shall preclude Movants from seeking an enlargement of their intervention rights at a later stage of this adversary proceeding.
Scope of Intervention
This adversary proceeding concerns the relative authority of PREC, the Oversight Board and PREPA. Through the motion for preliminary injunction, the Commission seeks an injunction prohibiting the Oversight Board from "mandating or authorizing substantive electricity actions not authorized by the Commission, and prohibiting PREPA from taking substantive electricity actions directed by the FOMB that are within the Commission's *328 jurisdiction but which the Commission has not authorized." Proposed Order, Dkt. No. 3, Exhibit A. Movants collectively own or insure approximately $5.7 billion worth of PREPA bonds. Through the Motion to Intervene, Movants argue that PREPA's actions are causing harm and impairing the interests of PREPA's secured creditors-a stance that the Commission, as Plaintiff, has already taken. See Adversary Complaint ¶ 4. Movants acknowledge that they seek to intervene to make the same arguments that the Commission already advances. Nevertheless, Movants argue that they need full intervention rights during the preliminary injunction hearing in order to right the "stark imbalance" between the existing litigating parties. However, that imbalance, to the extent it exists, does not warrant full intervention.
All parties agree that Movants can intervene under Section 1109(b), but do not agree as to whether Movants should be granted full rights to participate at the hearing. The right granted by Section 1109 to "raise", "appear" and "be heard" on any issue requires only a limited form of intervention. See In re Smart World Tech., LLC, 423 F.3d 166, 182-83 (2d Cir. 2005). The scope of intervention is at the discretion of the court and depending on the circumstances, can span from the right to file briefs and be heard at argument to the right to control causes of action. In re Adelphia Comm. Corp., 285 B.R. 848, 856 (S.D.N.Y. 2002). Where an intervening party is adequately represented by an existing party, full intervention is not warranted. See U.S. v. Michigan, 424 F.3d 438, 443-44 (6th Cir. 2005) ("Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit."). Movants' claims are at present adequately represented by the Commission. To the extent that Movants can be helpful in bolstering those claims, the limited intervention rights provided below will allow Movants to do so. Movants have failed to establish that they are entitled to a larger role under Section 1109(b).
For the reasons detailed herein, this Court ALLOWS Movants to intervene as parties in interest under Section 1109(b) and limits their rights as follows:
1. Movants shall have the right to file briefs stating their positions, restricted to those issues already raised by the parties in connection with the preliminary injunction proceedings. Movants may be heard at the preliminary injunction hearing concerning issues raised by the existing parties, subject to any restrictions by the hearing Court.
2. Movants are not entitled to present evidence either as attachments to their brief or at the hearing on the preliminary injunction motion.
3. Counsel for PREC shall use reasonable and good faith efforts to confer with counsel for Movants in advance of the preliminary injunction hearing to discuss any concerns of the Movants.
SO ORDERED.